# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/21/2020
```

January 17, 2020

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Application GRANTED.  An amended case management plan will issue separately.  No further extensions absent extraordinary circumstances.

Dated: January 21, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *The Boston Consulting Group, Inc. v. NCR Corporation*, Case No. 1:19-cv-10156 (LGS)

Dear Judge Schofield:

We write on behalf of both parties in connection with the Civil Case Management Plan and Scheduling Order (Dkt. No. 25) (the "CMO") and the corresponding Order (Dkt. No. 26) ("Order"), both issued by the Court on January 14, 2020.  In particular, we write to address the Court's default discovery schedule in the CMO, which the Court adopted, as stated in the Order, because "[t]he parties did not justify the substantial length of the discovery period they request in their proposed case management plan and scheduling order."  Plaintiff and Defendant had anticipated providing an explanation for the extended case schedule at the initial pretrial conference scheduled for January 16, 2020.  Immediately upon reviewing the CMO and the Order, I contacted Your Honor's Chambers to determine the best vehicle for addressing this issue, resulting in this letter.

To date, the parties have worked cooperatively in this action and the proposed CMO reflected several meet-and-confer sessions.  Ultimately, the proposal is borne out of three main concerns.  *First,* based on preliminary analyses, each party anticipates having to collect, review and produce a substantial amount of documents in connection with the claims and counterclaims asserted.  The parties agreed that it would be difficult and expensive to accomplish that task—in addition to conducting all necessary fact depositions[1]—in a four-month period.  The large number of documents the parties expect to review and produce is a function of the complexity of the case.  The parties collectively assert eight claims, including breaches of contract and fiduciary duties,

---

[1] Scheduling depositions may also require some flexibility because likely witnesses from both parties and third-parties are located in various cities across the United States.

**Jason M. Halper**  Tel +1 212 504-6300   Fax +1 212 504-6666   jason.halper@cwt.com

that arise from commercial interactions between multiple employees at each party spanning nearly three years. Certain claims also involve, among other things, an assessment of the financial performance of NCR's Services Business, which implicates complex accounting issues.

*Second*, this case will require meaningful third party discovery. Some of the events at issue in this action took place several years ago, and there are key witnesses, especially on the NCR side (including NCR's former Chief Operating Officer Mark Benjamin, who is central to BCG's claims and NCR's counterclaims), who are no longer employed by either party and thus not under the parties' control. The challenges inherent in obtaining document and deposition discovery from third parties were a significant consideration in the parties' scheduling proposal.

*Third*, as set forth in the CMO, each party expects to proffer expert evidence. Given the parties' expectation that the inquiries and analyses conducted by these experts will encompass sophisticated financial and accounting issues and require the review of numerous complex financial documents, the parties proposed modestly extending the Court's default schedule for approximately an additional month of expert discovery (in part, also, to accommodate the holidays).

To be clear, the parties are not trying to delay discovery. In December, BCG served its first request for production of documents; NCR served its first request for the production of documents on January 16, 2020; the parties are scheduled to speak on Wednesday, January 22, 2020, to discuss search terms and custodians; and both Parties are expected to respond to discovery requests by late January. The Parties have been diligent and cooperative, and expect to continue advancing discovery quickly.

For these reasons, the parties respectfully request that the Court enter the proposed Civil Case Management Plan and Scheduling Order submitted by the parties (Dkt. No. 24). The parties appreciate the Court's attention to this matter and are available at the Court's convenience to discuss the issues raised herein, either at an in-person or telephonic conference.

Respectfully submitted,


/s/ Jason M. Halper


Jason M. Halper


cc: All counsel of record (by ECF)