**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

THE BOSTON CONSULTING GROUP, INC.,

    Plaintiff,

vs.

NCR CORPORATION,

    Defendant.

---

NCR CORPORATION,

    Counterclaim-Plaintiff,

vs.

THE BOSTON CONSULTING GROUP, INC.,

    Counterclaim-Defendant.

No. 1:19-cv-10156-LGS

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL**

---

1.    GENERAL

    1.1.    Disclosure and discovery activity in this Action may involve the exchange and production of confidential, proprietary, commercially sensitive, and/or personal information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.  DEFINITIONS

2.1.  Action: *The Boston Consulting Group, Inc. v. NCR Corporation*, Case No. 1:19-cv-10156-LGS (S.D.N.Y.).

2.2.  Challenging Party: a Party or Non-Party that challenges the confidentiality designation of information or items under this Protective Order.

2.3.  "CONFIDENTIAL" information or items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). A Producing Party may designate any Disclosure or Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, commercially sensitive information, and/or private or confidential personal information.

2.4.  Counsel: Outside Counsel or attorneys who are employees in the legal department of a Party (*i.e.*, in-house counsel).

2.5.  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6.  Disclosure or Discovery Material: all items and information, regardless of the medium or manner in which they are or were generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7.  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or a litigation consultant in this Action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation).

2.8. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items: information or items that meet all the criteria of "CONFIDENTIAL information or items" and, in addition, that a Producing Party believes, in good faith, contain or reflect information that is competitively or commercially confidential to such an extent that its disclosure is likely to cause significant economic harm to the Producing Party.

2.9. Non-Party: any natural person, partnership, corporation, association, or other legal entity other than Defendant and Plaintiff in this Action.

2.10. Outside Counsel: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party in connection with this Action.

2.11. Party: Defendant and Plaintiff in this Action, including their respective officers, directors, employees, consultants, and retained experts.

2.12. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13. Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, reviewing or retrieving data in any form or medium) and their employees and subcontractors.

2.14. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as provided for in this Protective Order.

2.15. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. PURPOSES AND LIMITATIONS

    3.1. Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order shall be used by a Receiving Party solely for the above-captioned Action and any related appeals, and shall not be used directly or indirectly for any other purpose whatsoever, except as expressly provided for herein.

    3.2. Nothing in this Protective Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of the Court. Production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items under this Protective Order shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts. Similarly, no Producing Party waives any right to object on any ground to the admissibility of any of the Discovery Material, or portion thereof, covered by this Protective Order.

4. SCOPE

    4.1. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, derivations or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

    4.2. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

4.3. Nothing in this Protective Order shall restrict in any way the use or disclosure by a Receiving Party of Discovery Material that is: (i) in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; (ii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (iii) previously produced, disclosed and/or provided by the Designating Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Designating Party and all other persons whose confidential information may be contained in the Discovery Material; or (v) pursuant to an order of the Court.

4.4. Nothing in this Protective Order shall restrict a Producing Party's use or disclosure of Discovery Material it produces that is designated as Protected Material by another Party or Non-Party if, prior to the designation, the Discovery Material was disclosed, produced, or provided by the Designating Party to the Producing Party without an obligation of confidentiality and not by inadvertence or mistake.

5. DURATION

5.1. Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, or that information otherwise becomes public. Final disposition occurs after an order, mandate, or dismissal finally terminating the above-captioned Action with prejudice, including all appeals.

6. DESIGNATING PROTECTED MATERIAL

6.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Discovery Material for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

6.2. Mass, indiscriminate, or routinized designations are prohibited except as provided specifically in this order or any federal statute or regulation.

6.3. Manner and Timing of Designations. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", provided that it meets the requirements for such a designation as provided for herein. Designation in conformity with this Protective Order requires:

(a) For information in documentary form (*e.g.*, paper or electronically stored information ("ESI"), but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material and also, for ESI, in the metadata field assigned to indicate the confidentiality designation.

i. Notwithstanding the foregoing, a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") as set forth in the preceding paragraph.

(b) For electronic files and documents produced in native electronic format, that the Producing Party append to the file names or designators information indicating whether the files contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Material produced in electronic format. When electronic files or documents are printed for use at a deposition, in a court proceeding, or for provision in printed form to an Expert, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(c) For testimony given in a deposition or in other pretrial or trial proceedings, that the Designating Party identify, either verbally on the record or in a writing served on the Parties and the court reporter within 10 days after the close of the deposition, hearing, or other proceeding, all protected testimony.

i. Unless otherwise agreed to by the Parties, deposition testimony shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until 10 days after the close of the deposition.

ii. Each Party shall give the other Party notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

iii. In the event the video of a deposition is recorded, the original and all copies of the recording shall be marked by the video technician to indicate that the contents of the recording are subject to this Protective Order, substantially along the lines of "This recording contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

(d) For all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.4. Procedure for Inadvertent Failures to Designate Privileged Information. Inadvertent disclosure of any Discovery Material produced in this Action that a Party or Non-Party later claims should have been withheld on grounds of privilege or protection from discovery, including, for example, the attorney-client privilege or the work product doctrine (collectively referred to hereinafter as "Inadvertently Disclosed Information"), will not be deemed to have waived any such privilege as to the Discovery Material itself or the subject matter of that Discovery Material solely because of the inadvertent disclosure. The procedure for handling Inadvertently Disclosed Information shall be as follows:

(a) A Producing Party may request the return of Inadvertently Disclosed Information by giving notice to each Receiving Party, identifying such Information, and stating the basis for its privilege assertion (the "Notice of Recall").

(b) In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the Producing Party asserting inadvertent disclosure shall furnish to the Receiving Parties to which it produced the Inadvertently Disclosed Information a redacted copy of such information, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

(c) Upon receipt of the Notice of Recall, a Receiving Party shall use reasonable efforts to promptly destroy or return to the Producing Party asserting inadvertent disclosure all copies of the Inadvertently Disclosed Information and refrain from reviewing the same for any purpose. If a Receiving Party has already disclosed the Inadvertently Disclosed Information, that Receiving Party must take commercially

reasonable efforts to retrieve all copies of the Inadvertently Disclosed Information and either destroy or return such materials to the Producing Party asserting inadvertent disclosure.

(d) Within ten (10) business days of receipt of the Notice of Recall, a Receiving Party contesting application of the privilege must give written notice to the Producing Party. Notwithstanding anything to the contrary herein, a Receiving Party contesting application of the privilege may retain and use for purposes of resolving the dispute pursuant to these provisions a copy of the materials subject to the Notice of Recall.

(e) Within ten (10) business days of a Receiving Party giving notice that the Party is contesting privilege or some other date as may be mutually agreed upon between the Parties, the Parties shall meet and confer regarding the privilege claim.

(f) If, after compliance with the foregoing steps (a) through (e), a Party contesting application of the privilege concludes that it still disputes the validity of the claim of privilege, it may bring the matter to the Court's attention under Local Civil Rule 37.2 within five (5) business days after the Parties' meet and confer, or as otherwise agreed by the Parties.

(g) If the recall of the Inadvertently Disclosed Information is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel, defending counsel, and counsel for the Producing Party shall meet and confer in good faith at the earliest possible opportunity and if possible prior to the conclusion of the deposition to determine appropriate steps under the circumstances. In

the event the parties cannot agree to the appropriate steps under the circumstances, the Inadvertently Disclosed Information shall not be used at the deposition.

(h) This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) to inadvertently-disclosed privileged or work product information. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. The Protected Material shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information absent a court order to the contrary.

7.2. If, at any time, a Party objects to the designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Challenging Party shall notify the Producing Party in writing. Within seven (7) days of the receipt of such notification, Counsel for the Producing Party and the Challenging Party shall meet and confer in an effort to resolve the objection. If the Parties cannot resolve their disagreement, the Challenging Party may seek appropriate relief pursuant to the Honorable Lorna G. Schofield's Individual Rules and Procedures for Civil Cases ("Individual Rules"). Until the dispute is resolved, the designated material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this Order.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

    8.1. Basic Principles. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order or another order of this Court. When the litigation has been terminated, a Receiving Party must comply with the provisions of Sections 5.1 and 12.1 herein.

    8.2. Secure Storage. Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

    8.3. Disclosure of "CONFIDENTIAL" information or items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the in-house attorneys, executives, officers, directors, and employees of a Receiving Party, who are assisting with or making decisions concerning the Action;

        (b) the Outside Counsel of a Receiving Party, including the partners, associates, paralegals, secretaries, clerical, regular and temporary employees thereof, as well as service vendors of such Outside Counsel (including outside copying and litigation support services) who are assisting with the Action;

        (c) Experts retained by the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) Support staff, including secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(f) the Court and its personnel;

(g) court reporters and their staff to whom disclosure is reasonably necessary for this Action;

(h) during their testimony or in preparation for their testimony, witnesses in this Action and their counsel to whom disclosure is reasonably necessary for the purpose of assisting the preparation or examination of the witness;

(i) the Designating Party or its employees, the author or recipient of a document containing the "CONFIDENTIAL" information, or a custodian or other person who otherwise possessed or knew the information;

(j) any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(k) any other person upon (i) order of the Court, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.4. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Outside Counsel of a Receiving Party, including the partners, associates, paralegals, secretaries, clerical, regular and temporary employees thereof, as

well as service vendors of such Outside Counsel (including outside copying and litigation support services) who are assisting with the Action;

(b) Three (3) or fewer in-house attorneys of a Receiving Party who are identified and agreed upon between the Parties prior to any disclosure, (1) to whom disclosure is reasonably necessary to assist with or make decisions concerning the Action; and (2) who have has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts retained by the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff to whom disclosure is reasonably necessary for this Action;

(g) the Designating Party or its employees, the author or recipient of a document containing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) any other person upon (i) order of the Court, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1. The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any Party or Non-Party not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and provide all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve improperly disclosed Protected Material, (c) inform the Party or Non-Party or Parties or Non-Parties to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such Party or Non-Party or Parties or Non-Parties to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. MISCELLANEOUS

    11.1. Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

    11.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. This Protective Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

    11.3. Termination of Action and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the Action pursuant to Section 12. The Court shall retain jurisdiction after Final Disposition of this Action to hear and resolve any disputes arising out of this Protective Order.

    11.4. Successors. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

    11.5. Notice of Filing Confidential Information. Pursuant to Rule I.D.3 of this Court's Individual Rules and Procedures for Civil Cases, a Party wishing to file documents that contain the other Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" information shall give the other Party reasonable notice of its intention so that the other Party may notify the Court of its interest in confidential treatment and request that the documents be filed in redacted form or wholly under seal.

  11.6. Court Authority to Modify.  The Court may modify the Protective Order in the interests of justice or for public policy reasons on its own initiative.

12. FINAL DISPOSITION

  12.1. Unless otherwise ordered or agreed in writing, within 90 days after the final disposition of this Action, as defined in Section 5, each Receiving Party, including Outside Counsel for each Receiving Party, shall destroy or return all Protected Material, including Protected Material of any other Party or Non-Party, except that Outside Counsel and the Parties may retain work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence that contain Protected Material ("derivations"), and such derivations remain subject to the terms of this Protective Order, and with the further exception that the obligation to destroy all copies of such Protected Material shall not extend to copies stored in disaster recovery backups or other data sources that are not reasonably accessible.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Discovery Material.  Whether the Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the respective Outside Counsel of the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Discovery

Material. Any such archival copies that contain or constitute Protected Material stored in disaster recovery backups or other sources that are not reasonably accessible remain subject to this Protective Order as set forth in Section 5.

    IT IS SO STIPULATED.


| CADWALADER, WICKERSHAM & TAFT LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| Dated: February 28, 2020 | Dated: February 28, 2020 |
| */s/ Jason M. Halper* | */s/ David R. Marriott* |
| Jason M. Halper<br>Todd Blanche<br>Jared Stanisci | David R. Marriott<br>Yonatan Even |
| 200 Liberty Street<br>New York, NY 10281<br>(212) 504-6000<br>jason.halper@cwt.com<br>todd.blanche@cwt.com<br>jared.stanisci@cwt.com | Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000<br>dmarriott@cravath.com<br>yeven@cravath.com |
| *Attorneys for Plaintiff-Counterclaim Defendant* | *Attorneys for Defendant-Counterclaim Plaintiff* |

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

So Ordered.

Dated: March 2, 2020
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of *The Boston Consulting Group, Inc. v. NCR Corporation*, Case No. 1:19-cv-10156-LGS. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

Signature: _____