# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

June 12, 2020

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *The Boston Consulting Group, Inc. v. NCR Corporation*, Case No. 1:19-cv-10156 (LGS)

Dear Judge Schofield:

We write on behalf of The Boston Consulting Group, Inc. ("BCG") in the above-referenced action to respectfully request approval to file a pre-motion letter containing confidential information in redacted form, pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules").

In accordance with Paragraph 2.3 of the Parties' Stipulated Protective Order Governing Confidential Material ("Protective Order"), entered by the Court on March 2, 2020 (ECF Dkt. No. 40), BCG has designated the provisionally redacted information "Confidential" because it may contain or reflect confidential, proprietary, commercially sensitive information, and/or private or confidential personal information.  Consistent with Your Honor's Individual Rules and the Protective Order, BCG respectfully requests that the Court grant it permission to file the pre-motion letter, with the proposed redactions highlighted, in redacted form.

We thank the Court for its consideration of this request.

Respectfully submitted,

"The parties are advised that the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access."  *Bowling v. Johnson & Johnson*, No. 17 Civ. 3982, 2019 WL 1760162, at *8 (S.D.N.Y. Apr. 22, 2019).  A motion to seal must provide particularized justifications specific to the information sought to be sealed.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.")

The motion to seal at Dkt. No. 52 is preliminarily DENIED, but the Clerk of Court is directed to stay the unsealing pending future Court Order.  By June 18, 2020, Plaintiff shall file any renewed motion to seal.

Dated: June 15, 2020
New York, New York

LORNA G. SCHOFIELD