

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BOSTON CONSULTING GROUP, INC.,

        Plaintiff,

  -against-

NCR CORPORATION,

        Defendant.

19-CV-10156 (LGS) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

    The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases and Emergency Individual Practices in Civil Cases, which are attached to this Order and available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

    The Court notes that plaintiff has filed two letter-motions, both dated June 12, 2020 (Dkt. Nos. 51, 59), requesting a pre-motion conference to compel discovery regarding "NCR's deficient responses to BCG's Document Request No. 27 and Interrogatory No. 1," and "NCR's refusal to produce financial information necessary to assess BCG's entitlement to compensation under the parties' contract." Defendant has filed responses to each letter-motion, both dated June 19, 2020. (Dkt. Nos. 61, 62.)

    Plaintiff may, if it wishes, submit a single reply letter as to both motions, limited to a total of three pages, no later than **July 1, 2020**. Judge Moses will conduct a telephonic discovery conference as to both letter-motions on **July 7, 2020, at 11:00 a.m.** At that time, the parties shall

call 888-557-8511 and enter the access code 7746387. It is the Court's intention to resolve these discovery disputes at the July 7 conference, based on the letters submitted, together with any argument presented at the conference, unless a party shows good cause why more formal briefing is required.

Counsel are cautioned as follows:

1. All discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party shows good cause why more formal briefing should be required. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies are not required during the pendency of the COVID-19 national emergency.

> **PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**
>
> **Conferences and Hearings**. All court conferences and hearings will be conducted by teleconference. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.
>
> **Remote Depositions**. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Dated: New York, New York
June 25, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**