

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BOSTON CONSULTING GROUP, INC.,

        Plaintiff,

   -against-

NCR CORPORATION,

        Defendant.

19-CV-10156 (LGS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court held a telephonic discovery conference in this action on July 7, 2020. Prior to the conference, the Court received and reviewed (1) two letter-motions filed by plaintiff, both dated June 12, 2020 (Dkt. Nos. 51, 59); (2) defendant's letter-briefs in opposition to plaintiff's motions, both dated June 19, 2020 (Dkt. Nos. 62, 63); and (3) plaintiff's single letter-brief in reply, dated July 1, 2020 (Dkt. No. 66). For the reasons discussed during the conference, plaintiff's letter-motions are GRANTED IN PART, as follows.

1. <u>Request for Production (RFP) 27</u>

    Defendant NCR Corporation (NCR) shall produce all responsive consulting agreements.

2. <u>Interrogatory 1</u>

    NCR shall identify each person, within the following categories, likely to have discoverable information relating to the claims and defenses in this action:

    a. Present or former NCR employees;

    b. Present or former NCR board members;

    c. PWC employees; and

    d. BCG employees;

    In addition, NCR shall identify (e) the individual serving as its lead contact person with respect to each of the consulting agreements produced in response to RFP 27; and (f) any other consultants or advisors retained within the relevant time period to assist, advise, or make improvements to NCR's Services business. As to

each such consultant or advisor, NCR shall identify the firm and the individual serving as its lead contact person with respect to the engagement.

3. RFPs Seeking Accounting Documents.

    a. NCR shall produce all non-privileged documents responsive to RFPs 3, 6, 8, and 11.

    b. NCR need not produce documents responsive to RFPs 24 and 29, which specifically concern its Software and Hardware businesses.

    c. In response to RFPs 28, 30, 31, 32, 33, 34, and 35, NCR shall produce non-privileged responsive documents limited to those concerning its Services business.

    d. In response to RFPs 36 and 37, NCR shall produce any report, memorandum or board/management presentation prepared by its internal accounting group for its Audit Committee of its Board of Directors, or for its external auditors, in connection with any annual audit or quarterly review from Q1 2016 through Q4 2019, that specifically discusses allocations across NCR's business segments.

    The Court notes that, during the July 7 conference, plaintiff's counsel clarified that the documents sought in response to the RFPs listed above are "intermediate" accounting documents rather than general ledger detail.

4. Revised Discovery Plan

    a. The parties have agreed to extend the deadline for the substantial completion of document production to August 10, 2020 and are discussing potential modifications to later discovery and related deadlines.

    b. No later than **July 15, 2020**, the parties shall submit a proposed revised case management plan for the Court's review.

5. Remote Depositions in Light of the COVID-19 Pandemic

    Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard

by all other participants. The parties may, if they deem it helpful, negotiate and submit for Court approval a more specific protocol to govern their remote depositions.

The Clerk of Court is respectfully directed to close the letter-motions at Dkt. Nos. 51, 53, 54, and 59.

Dated: New York, New York
July 8, 2020

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**